IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Hassan Torabipour, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-1392 |
| ) | (GBL/TCB) |
| Cosi, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Cosi, Inc.'s ("Cosi") Motion to Dismiss Plaintiffs Hassan Torabipour and Mehrangiz Khoshbin's Complaint. This case concerns Torabipour's allegations that Cosi unlawfully subjected him to a sexually hostile work environment and discharged him from employment after he reported sexual harassment.

There are five issues before the Court. The first issue is whether the Court should dismiss Torabipour's claims for hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 where Torabipour received his Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC") on August 5, 2011, and then filed the present suit on November 4, 2011. The Court holds it lacks subject matter jurisdiction over Torabipour's Title VII claims because he failed to file his civil complaint within 90 days of receiving his Right to Sue Notice as required under 42 U.S.C. § 2000e-5(f)(1).

The second issue is whether the Court should dismiss Torabipour's intentional infliction of emotional distress ("IIED") claim where the only allegations offered in support of this claim are humiliation, embarrassment, and stress resulting from being asked questions about a previous investigation of sexual harassment complaints. The Court holds that Torabipour fails to state a

1

claim for IIED because he does not allege he suffered from the type of severe emotional distress required to recover for IIED in Virginia or that the defendant's conduct was outrageous.

The third issue is whether the Court should dismiss Torabipour's wrongful termination claim where Plaintiff alleges that his termination was in violation of sections 18.2-344 and 18.2-345 of the Code of Virginia. The Court holds Plaintiff Torabipour fails to state a claim for wrongful termination because section 18.2-344 has been invalidated under the Fourteenth Amendment of the U.S. Constitution.

The fourth issue is whether the Court should dismiss Torabipour's breach of employment contract claim where Plaintiff concedes that his employment was for an indeterminate period of time, which makes his employment at-will. The Court holds that Torabipour fails to state a claim for breach of employment contract because his employment with Cosi was at-will and thus either he or Cosi could terminate the employment at any time and without cause.

The fifth issue is whether the Court should dismiss Plaintiff Mehrangiz Khoshbin's loss of consortium claim where Plaintiffs fail to oppose the motion to dismiss this claim. The Court holds that the loss of consortium claim must be dismissed because loss of consortium is not a cognizable claim under Virginia Law.

Accordingly, the Court GRANTS Cosi's Motion to Dismiss. All counts in the Complaint are dismissed with prejudice because the applicable statutes of limitations have run with respect to Counts I-IV and Counts V and VI are not cognizable under Virginia Law. The complaint cannot be amended by a pleading that relates back to the original Complaint because Virginia Code section 8.01-6 only permits a pleading to relate back to an original pleading when a party seeks to correct a misnomer, add a party, or add a claim or defense, and none of these would cure the deficiencies in the Complaint.

## I. BACKGROUND

This is a civil action brought by Hassan Torabipour and his wife, Mehrangiz Khoshbin, alleging that Cosi wrongfully terminated Torabipour after he reported sexual harassment. Torabipour worked at Cosi Store #19, located in Alexandria, Virginia, initially under the management of Robert Bates. While working with Bates, Torabipour allegedly discovered that Bates was engaging in sexual relations with subordinate female employees during their shifts in the store's basement. Torabipour alleges that Bates targeted female employees who were not proficient in English and, if they refused his sexual advances, he would find a reason to fire them.

Torabipour alleges that he reported Bates' behavior to one of Cosi's district managers, Turan Turgan. Instead of investigating the matter or reprimanding Bates, Turgan allegedly relayed Torabipour's complaint to Bates because Turgan and Bates had a friendly relationship. Upon learning of Torabipour's complaint, Bates allegedly began to target and retaliate against Torabipour. Turgan and "some other managers" also targeted Torabipour and made his job and presence at the store "extremely difficult and distressful." Compl. ¶ 26.

On June 14, 2009, another manager allegedly discovered and photographed Bates engaging in illicit relations with a subordinate female in the store's basement. On June 15, 2009, members of Cosi's Human Resources team ("HR") interviewed the individual who took the photos, male employees, and Torabipour, who expressed concern over Bates' behavior. Torabipour signed a non-disclosure agreement after HR management allegedly required him to sign it and threatened to fire him if he refused. Torabipour alleges that, after the investigation, Bates continued engaging in sexual relations with employees, and HR did not investigate the

matter further. Bates was allegedly terminated on September 2009 for fraud unrelated to this case.

Torabipour alleges that shortly after Bates' termination, Cosi transferred two new managers to store #19: Demitra Britt and an individual identified by Plaintiffs as Calvin. Both Britt and Calvin allegedly questioned Torabipour about the events of June 14, 2009, which was "distressful and unsettling" to him because HR had assured him that the matter would not be further discussed after his signing of a nondisclosure agreement. In September 2009, Torabipour and another shift manager sent a letter to HR complaining of a continually sexually hostile work environment after allegedly discovering that Britt was sexually involved with a member of the staff during store hours.

On October 9, 2009, Torabipour attempted to discuss Britt's behavior with Turgan, who allegedly responded by saying, "Stay out of it." On December 16, 2009, Cosi fired Torabipour, citing an e-mail from a customer complaining of poor service as the reason. Torabipour alleges that even a cursory investigation into the e-mail would have shown it was not about him. Further, Cosi allegedly used the same e-mail to fire two other employees.

Torabipour filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2010. On August 5, 2011, Torabipour received his Right to Sue Notice and brought the instant case on November 4, 2011. Cosi filed its Motion to Dismiss on January 3, 2012, and the Court heard oral argument.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's jurisdiction over the subject matter of a case. *See* FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion may attack subject matter jurisdiction by asserting that, as a factual matter,

the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In order to determine whether jurisdiction exists, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiffs' claim is and the grounds upon which it rests," the plaintiffs' legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

### III. ANALYSIS

#### A. Title VII Claims

The Court grants Cosi's Motion to Dismiss as to Torabipour's hostile work environment claim (Count 1) and retaliation claim (Count 2) because these claims are time-barred under Title VII. Under 42 U.S.C. § 2000e-5(f)(1), an EEOC complainant has 90 days from receiving a Right to Sue Notice to file a civil complaint. Torabipour received his Right to Sue Notice on August 5, 2011, and filed his complaint on November 4, 2011, 91 days later. As such, Torabipour failed to timely commence his civil suit, and the claims are now time-barred and must be dismissed with prejudice.

#### B. Intentional Infliction of Emotional Distress

The Court grants Cosi's Motion to Dismiss as to Torabipours's IIED claim because he fails to allege that Cosi's conduct was outrageous or that he suffered from the type of severe emotional distress this cause of action is intended to redress. "The tort of intentional infliction of emotional distress is 'not favored' in the law, because there are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Supervalu, Inc. v. Johnson*, 276 Va. 356, 370 (2008) (quoting *Almy v. Grisham*, 273 Va. 68, 77 (2007)).

In Virginia, to pursue a claim for intentional infliction of emotional distress, a plaintiff must allege, and subsequently prove by clear and convincing evidence, that: (1) the defendant acted intentionally or recklessly; (2) the behavior was outrageous or intolerable; (3) a causal connection exists between the behavior and the emotional distress; and (4) the resulting emotional distress was severe. *Harris v. Kreutzer*, 271 Va. 188, 203 (2006); *Supervalu, Inc.*, 276 Va. at 370. "A plaintiff must allege each of these elements with the requisite degree of specificity." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 136 (2000). "With respect to the first element, a plaintiff must show that 'the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result.'" *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 205 (E.D. Va. 2010) (quoting *Womack v. Eldridge*, 215 Va. 338, 342 (1974)).

Regarding the second element, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27 (1991). With respect to the final element, "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.*

"Courts applying the Virginia rule have uniformly indicated that in the great majority of cases, employment discrimination will not meet this demanding standard." *Burke v. AT&T Technical Serv. Co.*, 55 F. Supp. 2d 432, 441 (E.D. Va. 1999) (discussing the second prong of outrageous or intolerable behavior); *but see Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir. 1989) ("Of course, sexual harassment may give rise to a claim for intentional infliction of

7

emotional distress under some circumstances."), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir. 1990).

Under Virginia law, IIED claims are subject to a two-year statute of limitations. Va. Code § 8.01-243(A). The cause of action "accrues and the time limitation begins to run when the tort is committed." *Luddeke v. Amana Refrigeration, Inc.*, 239 Va. 203, 207 (1990).

Tourabipour's claim fails because he does not allege, with the requisite degree of specificity, facts to support a finding that Defendant acted with the specific purpose of inflicting emotional distress on him, that the conduct was outrageous, or that the resulting stress was severe. *See Taylor*, 782 F. Supp. 2d at 205; *Harris*, 271 Va at 203. In his Complaint, Torabipour alleges that "the General Manager,[1] by his conduct described herein, intended to cause Hassan severe emotional distress" and "intended his specific conduct and knew, or should have known that this conduct would likely result in severe emotional distress." Compl. ¶¶ 57-58. Apparently, Torabipour relies on either Bates' sexual harassment towards other employees or Calvin's questions regarding the events of June 14, 2009, to support his IIED claim. However, any claim based on Bates' behavior is barred by the statute of limitations because Bates was fired in September 2009, over two years before Torabipour filled this suit on November 4, 2011. Further, Torabipour does not allege with specific facts that Calvin asked him questions because he intended the questions to cause Torabipour distress. Further, Calvin's questions are not the type of "outrageous or intolerable" conduct that can reasonably "be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27 (1991).

Additionally, Torabipour's allegations that he suffered "humiliation, embarrassment and indignity to h[is] feelings" are insufficient to support the severe distress element required to state

---

[1] The Complaint does not specifically identify the "General Manager." The "General Manager" must refer to either Bates or Calvin.

8

an IIED claim. *See Taylor*, 782 F. Supp. 2d at 205 (explaining the fourth element requires distress so severe that "no reasonable person could be expected to endure it" (internal citation omitted)).

Thus, Torabipour fails to allege sufficient facts to support his IIED claim. Any future IIED claim is barred by Virginia's two-year statute of limitations, *see* Va. Code § 8.01-243(A), because over two years have passed since Torabipour was terminated on December 16, 2009, which is the last day his claims could have accrued. Therefore, the Court grants Defendant's Motion to Dismiss Torabipour's IIED claim and dismisses the claim with prejudice.

## C. Wrongful Termination and Discharge in Violation of Public Policy

The Court grants Cosi's Motion to Dismiss as to Torabipour's wrongful termination and discharge in violation of public policy claim because section 18.2-344 and, impliedly, section 18.2-345 of the Code of Virginia, the statutes upon which this claim is based, have been deemed unconstitutional.

Virginia adheres to the common law doctrine of at-will employment, under which employment is generally terminable at any time, for any reason or for no reason at all. *Lockhart v. Commonwealth Educ. Sys.*, 247 Va. 98, 102 (1994). A narrow exception to this doctrine holds that an at-will employee may bring a tortious wrongful discharge claim, a "*Bowman* claim," if the termination violates Virginia public policy as expressed in a Virginia statute. *Bowman v. State Bank of Keysville*, 229 Va. 534, 540 (1985). Virginia courts recognize three categories of *Bowman* claims. The first is a termination that violates a policy enabling the exercise of an employee's statutorily created right. *Bowman*, 229 Va. at 540. The second type of *Bowman* claim is a discharge of an employee who was clearly a member of the class of persons directly entitled to the protection enunciated by the public policy. *Bailey v. Scott–Gallaher, Inc.*, 253 Va. 121,

9

125 (1997). The third type of *Bowman* claim is a termination based on the employee's refusal to engage in a criminal act. *Mitchem v. Counts*, 259 Va. 179, 189 (2000). Under Virginia law, a wrongful termination claim is subject to a two-year statute of limitation. Va. Code § 8.01-243(A).

Torabipour asserts the third category of *Bowman* claims, alleging his termination was "wrongful because it was in violation of . . . Virginia Code §§ 18.2-344 and 18.2-345," Compl. ¶ 64, which criminalize fornication and lewd and lascivious cohabitation, respectively. However, in *Martin v. Ziherl*, the Virginia Supreme Court ruled that section 18.2-344 was unconstitutional because the statute violates the "due process right[s] of unmarried individuals to engage in intimate conduct." 269 Va. 35, 35 (2005). Further, this Court has held that *Martin* compels the same conclusion for section 18.2-345. *See Balas v. Huntington Ingalls Indus.*, 2:11CV347, 2011 WL 4478864 (E.D. Va. Sept. 26, 2011). As such, Torabipour fails to state a claim for relief on Count IV because the statutes upon which his wrongful termination claim is based have been struck down as unconstitutional.

Further, even if Virginia Code section 18.2-345 is constitutional, Torabipour does not allege that he was fired because he refused to engage in lewd and lascivious cohabitation. He only states that his discharge was wrongful because "he refused to commit the crimes, in violation of Virginia's public policy as expressed in its criminal status" and then refers to sections 18.2-344 and 18.2-345 of the Code of Virginia. Compl. ¶ 64. Without further factual enhancement, the Court rejects this conclusory allegation under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 561.

Because over two years have passed since Torabipour was terminated on December 16, 2009, which is the last day Plaintiff's claims could have accrued, any future wrongful

termination claim would be time-barred. *See* Va. Code § 8.01-243(A). Thus, the Court dismisses Torabipour's wrongful termination claim with prejudice.

**D. Breach of Contract**

The Court grants Cosi's Motion to Dismiss as to Torabipour's breach of contract claim because Torabipour was an at-will employee and thus Cosi could terminate his employment at any time and without cause. Virginia remains an employment-at-will jurisdiction. *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 453 (4th Cir. 2004). "In Virginia, an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice." *Cave Hill Corp. v. Hiers*, 264 Va. 640, 645 (2002). "However, when the employment is for a definite period, the presumption of at-will employment is rebutted and an employee may be terminated only for just cause." *Id.* As a general rule, "no implied contract arises from policy manuals that are not generally distributed to employees." *Swengler v. ITT Corp. Electro-Optical Products Div.*, 993 F.2d 1063, 1070 (4th Cir. 1993) (interpreting Virginia law). A clear disclaimer in an employee manual that states the manual is not a contract or that the employment is at-will effectively negates any other provisions that would rebut the at-will presumption. *Nguyen v. CNA Corp.*, 44 F.3d 234, 239 (4th Cir. 1995).

Torabipour's employment, which he admits was for an indefinite term, is presumed to have been at-will, permitting either he or Cosi could terminate the employment at any time, without cause. *See Cave Hill Corp.*, 264 Va. at 570. Torabipour argues that his termination constituted a breach of contract because it was not done in accordance with the procedures set forth in Cosi's personnel policy manual. The manual, however, states that the employment relationship is "at-will." Mem. Supp. Mot. Dismiss, Ex. 3, at 28. This clear disclaimer effectively

negates any other provision in the manual that would rebut the presumption that Torabipour was an at-will employee. *See Nguyen*, 44 F.3d at 239. Thus, Torabipour's breach of contract claim based on his termination fails as a matter of law and must be dismissed with prejudice.

## 5. Loss of Consortium

The Court grants Cosi's Motion to Dismiss as to Plaintiff Khosbin's loss of consortium claim because Virginia does not recognize loss of consortium as a cause of action. The Court of Appeals for the Fourth Circuit held that loss of consortium is not recoverable in the Commonwealth of Virginia. *See Carey v. Foster*, 345 F.2d 772 (4th Cir. 1965). Thus, Khoshbin's loss of consortium claim is dismissed with prejudice.

## IV. CONCLUSION

The Court grants Cosi's Motion to Dismiss the Complaint because (1) Plaintiff Torabipour's Title VII hostile work environment and retaliation claims are time-barred due to his failure to file the Complaint within 90 days of receiving his Right to Sue Notice, as required under 42 U.S.C. § 2000e-5(f)(1); (2) Torabipour does not allege facts to support his claim that he suffered severe emotional distress or that Cosi's conduct was outrageous, as required to state an IIED claim; (3) the statute upon which Torabipour's wrongful termination claim relies is no longer good law, and he fails to allege facts that show he was fired because he refused to engage in criminal conduct; (4) Torabipour's employment was at-will and thus this breach of employment claim fails as a matter of law; and (5) loss of consortium is not a cognizable claim under Virginia law.

ENTERED this 12th day of June, 2012.

Alexandria, Virginia

6/12/12

/s/
Gerald Bruce Lee
United States District Judge